Gulf, Colorado & Santa Fe Railway Company v. Ann Johnson.

Decided May 16, 1906.

### 1.—Release of Damages—Fraudulent Representations.

On the question whether a release of her claim for damages was procured by fraudulent representations made to plaintiff her testimony that no such representations were made or induced her to sign, was not conclusive against her where there was other evidence of their making and effect, and her impaired reason, occasioned by the injuries may have warranted a belief by the jury that she did not recollect what took place.

### 2.—Argument—Charge.

An unwarranted argument by counsel that a contract relied on by defendant as a release of damages was void under the statute of frauds should call for an instruction from the court correcting its erroneous effect.

### 3.—Fraudulent Representations—Knowledge.

A settlement, though induced by false representations by defendant's physician as to the extent of plaintiff's injuries is not to be set aside therefor unless the claim agent acting for defendant in the matter knew and availed himself of such representations by another or acted in conspiracy with him.

### 4.—Fraudulent Representations—Falsity.

Statements by a claim agent that settlement must be made now or the defendant would not thereafter take it up, and better terms could be had now than in the future must be shown to have been false to constitute ground for avoiding the contract.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*J. W. Terry* and *A. H. Culwell,* for appellant.—The settlement was not induced by any representations made to plaintiff. Houston & T. C. Ry. v. Tierney, 72 Texas, 312; Texas & P. Ry. Co. v. Moore, 8 Texas Civ. App., 296; Atchison, T. & S. F. Ry. Co. v. Click, 5 Texas Civ. App., 225; St. Louis S. W. Ry. Co. v. Caseday, 40 S. W. Rep, 199; Texas & P. Ry. Co. v. Hightower, 12 Texas Civ. App., 44; Williams v. Rand, 9 Texas Civ. App., 635.

A representation to amount to fraud must relate distinctly and directly to the contract and affect its very essence and substance. McAleer v. Horsey, 35 Md., 439; Coffee v. Newsom, 2 Ga., 442; Colton v. Stanford, 16 Am. St. Rep., 137.

The expression of an opinion as to a matter wherein opinions may differ, does not afford ground to set aside a settlement and satisfaction on the ground that the same was obtained by fraud. Atchison, T. & S. F. Ry. Co. v. Bennett, 66 Pac. Rep., 1018; Quebe v. Gulf, C. & S. F. Ry. Co., 10 Texas Ct. Rep., 296; Houston & T. C. Ry. Co. v. McCarty, 94 Texas, 301; Alabama & V. Ry. Co. v. Turnbull, 16 So. Rep., 345; Nelson v. Minnesota Street Ry. Co., 63 N. W. Rep., 486; Doty v. Chicago, St. P. & K. C., 52 N. W. Rep., 135; Denver & R. G. Ry. Co. v. Sullivan, 41 Pac. Rep., 501; Missouri, K. & T. Ry. Co. v. Smith, 68 S. W. Rep., 543; Burnham v. Burnham, 97 N. W. Rep., 176; Wrenn v. Truitt, 116 Ga., 708.

*Pendleton, Ferguson & Durrett,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee against the appellant to recover damages on account of injuries resulting from the derailment of one of appellant's passenger trains upon which the appellee was a passenger at the time of the accident.

The defendant pleaded a general demurrer, general denial and specially that appellee, after the injuries, had executed a release in full settlement of the cause of action sued upon for all damages sustained by her on account of the accident in question; that by the contract of release the appellant paid the appellee $350, which was received by her as a full consideration for the settlement.

The plaintiff by supplemental petition attacked this release, first, on the ground that at the time it was executed she was *non compos mentis;* second, that its execution was procured by reason of the fraud and misrepresentations made by Dr. Scott, a physician in the employ of the company, and Mr. Lee, its claim agent. The supplemental petition charges that the representations so made by Dr. Scott and Mr. Lee were to the effect that the plaintiff was slightly injured and that she would be well in thirteen or fourteen days, and that in such time she would be able to perform her usual duties; that she was not severely hurt and that she had not sustained any serious injuries, except slight bruises; and that Mr. Lee represented and stated to plaintiff that if she did not settle her claim while in Brownwood, that she would never receive anything for her injuries at all, and that she must sign the release then and there. It is alleged that these representations and statements were not true; that they were falsely made for the purpose of inducing the plaintiff to execute the release, and that she believed the representations were true, and that in pursuance of such belief the release was executed.

The case was submitted to a jury and verdict was in favor of the plaintiff. The case as presented here raises no question as to the fact of the accident, and that it was the result of the negligence of the railway company, and that the plaintiff was a passenger, and that she sustained injuries to some extent as alleged. There were two issues submitted to the jury for their consideration in determining whether the release should be set aside: (1) Did the plaintiff have sufficient mental capacity at the time of its execution to understand the nature of the contract and the consequence of her act? (2) Was the execution of the release procured by reason of the alleged false and fraudulent representations. The verdict of the jury is general, therefore we are unable to say upon what ground or grounds the release was held to be invalid.

Appellant's first, second, third, fourth, fifth, sixth and seventh assignments of error attack the verdict on the facts, and, except in one particular which will be noticed hereafter, we are of the opinion that the facts were sufficient to support the verdict. Of course, if the plaintiff was *non compos mentis* at the time of the execution of the release, that of itself is sufficient to avoid it; but the issue of fraud, as raised by the pleadings, when considered in connection with the evidence of the plaintiff, presents an unusual question. The specific ground of fraud charged in the petition is that false representations were made to the plaintiff as to material facts, which she believed to be true at the time, which had the effect of so operating upon her mind as to induce her to execute the contract of release. The witnesses for the defendant testify

that at the time the release was executed the same was explained to the plaintiff, and that she knew what she was doing. Her sister who was in attendance upon her at that time, substantially testified the same way. She testified that plaintiff entered into the contract releasing the railway company against her wishes and consent, and that she tried to prevail upon the plaintiff not to execute the release; that the plaintiff knew what she was doing at the time, but she was persuaded and influenced in its execution by the representations of Dr. Scott. The plaintiff testified in the case and she states that the signature shown her appended to the release is her signature, but that neither Dr. Scott nor the agent Lee made any representations to her that induced her to execute the same, and that she has no knowledge whatever of that transaction.

Based upon her evidence the appellant raises the contention that the evidence as to the issue of fraud was not sufficient to justify a submission of that question to the jury, as the plaintiff has admitted that no representations were made to her that induced her to sign the release; that it necessarily follows that she could not have acted upon the representations, and that the same could not have operated to produce any influence upon her mind that led her to the execution of that instrument. There is no question in the evidence but that she executed the release, and there is abundant evidence tending to show that the representations were made that induced her to execute the same. Her testimony upon this subject does not necessarily have the effect of establishing the proposition that the representations were not made, and that she was not influenced thereby. Her mental condition at that particular time might have been such that the representations and statements might have made an impression upon her mind about which she had ceased to recollect at the time that she testified. Further, there is no pretense that she was actually insane, but her mental status was merely impaired or weakened by reason of her injuries and the consequent suffering that she was undergoing; and it was a question for the jury to say whether she had mind sufficient upon which an impression could be produced by the conduct and statements of those in attendance upon her at that particular time. The patient when recovered may not have a distinct or possibly any recollection of what has occurred during the period of her prostration; but still it is a fact, well known, that during that time she may be influenced by those in whom she has confidence, or by those who are undertaking to exert some control over her weakened intellect. Therefore, notwithstanding the evidence of the plaintiff, we are not prepared to say that the issue should not have been submitted to the jury.

All those assignments relating to the question of evidence are overruled, and also those that complain of the charge of the court and the refusal to give charges, except as hereinafter noticed.

The questions presented in the twenty-fifth and twenty-sixth assignments of error will possibly not arise upon another trial; but, however, we desire to say that if upon another trial any contention should be urged by the appellee that the statute of frauds applies to the contract of settlement as written, or the parol agreement with reference to hospital treatment, the appellant would be entitled to some character of instruction or ruling protecting it against any such contention.

The bill of exception, as set out under the twenty-sixth assignment of

error, undertakes to show that the jury was influenced by the remarks of one of the appellee's counsel to the effect that the release was void under the statute of frauds, for the reason that a part of it was reduced to writing and a portion of it was verbal. Statements of this character when made by counsel are often indulged in at the expense of having a verdict and judgment in their favor reversed in this court; but we will no longer dwell upon this subject, as the case will be reversed on other grounds, and it is not likely that the argument will be repeated.

The remark made by plaintiff to the jury, as set out in the bill of exceptions presented under the fourteenth and twenty-seventh assignments of error will doubtless not be repeated on another trial. It is in the nature of a personal appeal, not altogether based upon the evidence.

The appellant's eighth assignment of error complains of the following charge of the court: "Or, if you should find that plaintiff, Miss Ann Johnson, had mental capacity to know and understand the nature and effect of the signing of said release at the time she signed same, if she did sign it, but that she was caused or induced to sign the said release by the representations as alleged to have been made by Dr. A. C. Scott and T. J. Lee, or either of them, acting for or in behalf of the defendant, concerning her physical condition at the time of signing the said release, or concerning the time she would probably be disabled on account of the injuries she had sustained, or concerning the probability of her obtaining a better settlement of her claim while at Brownwood than after her return to her home; and if you further find that said representations were untrue, and that said A. C. Scott and Tom J. Lee knew or ought to have known that same were untrue at the time the same were made; and that the same were made for the purpose of inducing Miss Ann Johnson to act on them and for the purpose of deceiving and overreaching plaintiff; and if you further find that Miss Ann Johnson was deceived thereby and believed the same to be true, and relying thereon she signed said release, and was thereby induced to make a settlement for her said injuries for less than what she was in justice and equity entitled to receive, then if you so find you are charged that a release signed under such circumstances would not bind plaintiff, and would be no defense to this suit, notwithstanding the execution of said release, would be entitled to recover any damages the evidence may show that she had sustained as the direct and proximate result of any injuries caused by the derailment of said car."

This charge presents reversible error. There is evidence tending to show that Dr. Scott made representations concerning the physical condition of the plaintiff; and while there is a conflict in the evidence as to what were these representations, the jury had the right under the evidence to conclude that they were material, that they were not true, and that they were made for the purpose of inducing the plaintiff to execute the contract, and that they influenced her in so doing. The petition does not charge any conspiracy between Scott and Lee. And whether or not Lee knew that the representations made by Scott were not true, and whether or not he took advantage of those representations in order to procure the execution of the release are mere matters of conjecture; but if the evidence was such as to justify the conclusion that he knew that they were made for the purpose of influencing Miss Johnson to execute

the contract, and that they were not true, it is clear that he did not make them but they were made by Dr. Scott. The charge as framed not only presents the question as to whether Scott made the representations but as to whether they were made by Lee. They were not made by Lee, and the only way in which he could be held to be connected therewith would be upon the ground that there was a conspiracy between him and Scott, or that they were adopted by him, although made by Scott and used for the purpose of procuring a favorable advantage over the plaintiff. The only representations that were made by Lee were substantially to the effect that if plaintiff desired to settle the matter, she had better do so while at Brownwood, and that she could make a better settlement there; and there was some evidence to the effect tending to show that she would be given no other opportunity for settlement. Now it is a difficult matter to characterize this as a material representation; but possibly the jury might, in view of everything that transpired there as a part of the *res gestae* concerning the matter of settlement, have considered that the statement of Lee might have been given some weight by the plaintiff in leading her to execute the release. But, assuming this to be true, there is no evidence in the record that justifies the conclusion that this statement, if made by Lee, was false. It was a mere statement of Lee to the effect that the agreement must be executed at Brownwood, and that she could get better terms there than elsewhere. The jury might have considered it a part of the scheme to induce a settlement, but that is not enough; it must be shown that it was a misrepresentation or misstatement of the facts. So far as the evidence shows, if Lee made the statement, he may have intended everything stated. There must be more than a suspicion of falsity. It must be established directly or circumstantially, and if inferentially, the facts must be of a nature that would justify the inference. We repeat that the evidence is not sufficient to justify the conclusion that this statement was not true.

Without repeating what we understand to be the rules of law relating to attacks on the ground of fraud on instruments of the character of that in question, we refer to the cases of Gulf, C. & S. F. Ry. Co. v. Huyett, 15 Texas Ct. Rep., 503; International & G. N. R. R. Co. v. Shuford, 10 Texas Ct. Rep., 613, and Houston & T. C. R. R. Co. v. Brown, 5 Texas Ct. Rep., 127.

Having reversed the case for the reason just stated, we call attention to the instruction set out under the thirty-fifth assignment of error. The charge there requested is, to some extent, covered by the main charge of the court; but it would not be error for the court to give the instruction as framed.

Judgment reversed and cause remanded.

*Reversed and remanded.*